UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY DOMINGUEZ,<br><br>　　　　　　　Appellant,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Appellee. | No. 1:19-cr-00137-DAD<br><br>ORDER DENYING APPEAL AND <u>AFFIRMING JUDGMENT AND SENTENCE</u><br><br>(Doc. No. 44) |

Pending before the court is a criminal appeal of the magistrate judge's denial of prejudgment probation under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607. On June 20, 2019, defendant-appellant Rosemary Dominguez (hereinafter "Dominguez") filed a notice of appeal seeking review only of the sentence imposed following her misdemeanor conviction in this action. (Doc. No. 19.) Dominguez's opening brief was filed on October 4, 2019. (Doc. No. 33.) The government's brief was filed on November 19, 2019. (Doc. No. 46.) Dominguez did not file a reply. For the reasons set forth below, the court will affirm the judgment of conviction and sentence.[1]

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. While that situation was partially addressed by the U.S. Senate's confirmation of district judges for two of this court's vacancies on December 17, 2021 and June 21, 2022, another vacancy on this court with only six authorized district judge positions was created on April 17, 2022. For over twenty-two months the undersigned was left

1

# BACKGROUND

The essential facts of the case are uncontested and are recounted here only briefly. On June 9, 2018, Park Service Law Enforcement Officer Van Roberts conducted a traffic stop of the vehicle appellant Dominguez was driving after observing a seatbelt violation by the passenger in the back seat. (Doc. No. 11-1 at 2.) After stopping the vehicle, Officer Roberts ran the license plate through his dispatch operator, which revealed that it had expired on May 24, 2018. (*Id.*) Upon speaking with appellant Dominguez, Roberts smelled marijuana coming from the vehicle. (*Id.*) Roberts asked Dominguez how much marijuana was in the vehicle, and she stated that there was approximately 0.5 grams of marijuana in the vehicle. (*Id.*)

Roberts then conducted a vehicle search. (*Id.*) When he asked Dominguez to exit the vehicle, she immediately grabbed three small purses from the vehicle as she exited. (*Id.*) Roberts instructed Dominguez to leave the purses, and Dominguez informed Roberts that she wanted to take them with her. (*Id.*) Roberts explained that he needed to search the vehicle and any containers located therein that may contain contraband. (*Id.*) Dominguez placed the purses in the vehicle but told Roberts she did not want him to search them. (*Id.*) Officer Roberts searched the purses and discovered a glass pipe, several lighters, a metal tool, and a black piece of paper containing approximately 0.2 grams of white, crystalline powder. (*Id.*) The residue in the pipe and the white powder field-tested presumptively positive for methamphetamine. (*Id.*)

Dominguez was issued a citation for violating 36 C.F.R. § 2.35(b)(2) by being present in a park area while possessing a controlled substance. (Doc. No. 1.) Dominguez made her initial appearance on August 16, 2019, at which time she entered a not guilty plea. On January 17, 2019, defense counsel filed a motion to suppress evidence (Doc. No. 11), and on May 2, 2019, the

---

presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. That situation resulted in the court not being able to issue orders in submitted civil matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel. While this situation is certainly not the only cause of the delay in the issuance of this order, the court has been forced to prioritize the matters it devotes time to and this appeal from the sentence imposed in a misdemeanor prosecution has, unfortunately, not been able to be of the highest priority.

assigned magistrate judge held an evidentiary hearing on the motion. (*See* Doc. No. 23.) At the conclusion of the hearing, the magistrate judge ordered the parties to submit supplemental briefing. (*Id.* at 184:17–22.)

At the June 6, 2019 status conference, the parties informed the magistrate judge that they had reached a plea agreement. (Doc. No. 30 at 2:14–17.) The government acknowledged that, although Dominguez was eligible, it was not recommending that she be granted prejudgment probation pursuant to 18 U.S.C. § 3607. (*Id.* at 2:14–17, 4:13–17.) Subsequently, the magistrate judge placed Dominguez under oath and conducted the plea colloquy with her. (*Id.* at 5:4–9:6.) The magistrate judge informed Dominguez of the applicable statutory maximums—six months in prison, a $5,000 fine, or both fine and imprisonment and up to a five-year term of probation—and that the court could sentence Dominguez to the maximum possible penalty. (*Id.* at 5:19–6:10.) The magistrate judge also asked Dominguez whether she understood that she would not be allowed to withdraw her plea if given the maximum sentence. (*Id.* at 6:3–6.) Dominguez acknowledged that she understood these advisements. (*Id.* at 5:18, 5:23, 6:3, 6:7.) The magistrate judge then asked whether Dominguez understood that she was waiving her right to appeal from her entry of plea, conviction, and sentence in this case. (*Id.* at 6:11–14.) Dominguez acknowledged that she did so understand. (*Id.* at 6:15.) The magistrate judge further clarified that Dominguez was waiving her right to appeal her plea, conviction, and sentence to a higher court. (*Id.* at 6:16–21.) Dominguez again responded that she understood. (*Id.* at 6:22.) Dominguez also affirmed that her plea was being entered voluntarily and not the results of any force, threats, or promises. (*Id.* at 7:1–4.) Dominguez's counsel raised no objection to the plea colloquy. (*See generally id.*)

Following the plea colloquy, Dominguez entered her plea of guilty and the magistrate judge accepted the plea as "knowingly and intelligently given and supported by independent basis in fact." (*Id.* at 10:3–6.) With Dominguez's consent, the magistrate judge proceeded to immediate sentencing. (*Id.* at 10:9–10.) Dominguez's counsel argued for one year of prejudgment probation pursuant to 18 U.S.C. § 3607. (*Id.* at 10:10–12.) The government argued that, given that Dominguez possessed both marijuana and methamphetamine and had a history of

recent misdemeanor convictions for driving without a license in 2013, 2017, and 2018, the granting of prejudgment probation pursuant to § 3607 was not appropriate. (*Id.* at 14:15–22.) The magistrate judge rejected Dominguez's request for prejudgment probation and instead sentenced Dominguez to a one-year term of probation. (*Id.* at 23:2–3, 23:9–13.) As noted above, Dominguez timely filed a notice of appeal on June 20, 2019. *See* Fed. R. Crim. P. 58(g)(2).

## ANALYSIS

The undersigned has jurisdiction over this appeal under 18 U.S.C. §§ 3231 and 3402. The magistrate judge's rejection of appellant Dominguez's request for prejudgment probation under 18 U.S.C. § 3607 is considered "a sentencing decision for the purpose of determining our jurisdiction." *United States v. Gonzalez*, 365 F.3d 796, 798 (9th Cir. 2004); *see also United States v. Corpuz*, 953 F.2d 526, 529 (9th Cir. 1992) ("[P]robation is a sentence under the Sentencing Reform Act."), *abrogated on other grounds by United States v. Granderson*, 511 U.S. 39 (1994).

As a threshold matter, the government argues that Dominguez waived her right to appeal her sentence at the change of plea hearing held on June 6, 2019. (Doc. No. 46 at 4–6.) A defendant's statutory right to appeal a sentence is indeed waivable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). On appeal, a reviewing court must "consider *de novo* whether, pursuant to a plea agreement, a defendant waived his right to appeal." *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). "Specifically, a defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Id.* (internal citations and quotation marks omitted).[2]

The undersigned agrees that Dominguez's waiver of her right to appeal the magistrate judge's denial of prejudgment probation is enforceable. First, as the government notes, "the

---

[2] The court acknowledges that the Ninth Circuit recognizes "a few well-established exceptions to appeal waivers." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007). Here, however, the court need not consider whether any of those exceptions apply because on appeal Dominguez has not raised any such argument. *See Jeronimo*, 398 F.3d at 1153 n.2.

1 language of the waiver specifically forecloses her appeal of the sentence imposed by the

2 magistrate judge." (Doc. No. 46 at 5.) At the hearing, the magistrate judge asked Dominguez

3 multiple times whether she understood that she was giving up her right to appeal the sentence

4 imposed in her case, to which she stated she did. (*See, e.g.*, Doc. No. 30 at 6:11–15, 6:16–22.)

5 "[P]robation is a sentence under the Sentencing Reform Act," *Corpuz*, 953 F.2d at 529, and thus

6 Dominguez's right to appeal a rejection of her request for prejudgment probation was

7 encompassed within the language of her appeal waiver.

8 Second, the transcript from the change of plea hearing clearly reflects that Dominguez

9 waived her right to appeal knowingly and voluntarily. "In determining whether a defendant's

10 plea agreement waiver of his right to appeal was knowingly and voluntarily made, we consider

11 the express language of the waiver and the facts and circumstances surrounding the signing and

12 entry of the plea agreement, including compliance with Federal Rule of Criminal Procedure 11."

13 *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000) (internal citation omitted).

14 As noted above, the express language of the appeal waiver here foreclosed the appeal

15 which Dominguez now pursues. The magistrate judge ensured that Dominguez's plea was

16 voluntary and not the results of any force, threats, or promises. (*See* Doc. No. 30 at 7:1–4.) In

17 reviewing the magistrate judge's recitation of the Rule 11 plea colloquy, the undersigned finds

18 that its thoroughness supports a determination that the plea, with all of its conditions including the

19 appeal waiver, was knowingly and voluntarily made. *See Nguyen*, 235 F.3d at 1182–83 (finding

20 that the district court's careful questioning of defendant in the Rule 11 plea colloquy

21 demonstrated that "[t]he facts and circumstances surrounding the signing and entry of the plea

22 agreement also support[ed] a finding that the waiver was knowingly and voluntarily made"). All

23 of these findings are further corroborated by the fact that defense counsel stated during the change

24 of plea hearing that there was no reason why the magistrate judge should not take Dominguez's

25 guilty plea. (Doc. No. 30 at 9:18–20.)

26 Because the language of the waiver encompasses Dominguez's right to appeal on the

27 grounds raised, and the waiver was knowingly and voluntarily made, the court concludes that

28 appellant's waiver of her right to appeal from the denial of prejudgment probation is enforceable.

1       Finally, even if appellant Dominguez had not waived her right to appeal her plea and
sentence, the magistrate judge cannot be said to have erred as a matter of law in rejecting her request for the granting of prejudgment probation.  *See* 18 U.S.C. § 3607(a) (if the designated conditions are met "the court *may* . . . place him on probation for a term of not more than one year without entering a judgment of conviction.") (emphasis added); *United States v. Gonzalez*, 365 F.3d 796, 798 n.1 (9th Cir. 2004) ("Like a decision not to depart downward, a district court's special probation decision is discretionary and—barring error as specified under § 3742(a)—is generally not reviewable on appeal.  *See* 18 U.S.C. § 3607 (providing that the court '*may* ... place [a defendant] on probation,' not that it *must*)[.]"); *see also United States v. Jaime*, 235 F. Supp. 3d 262, 263–64 (D.D.C. 2017) ("FFOA provides sentencing courts *with the discretion* to sentence a defendant to up to one year of 'special probation' or 'pre-judgment probation' without entering a judgment of conviction under certain circumstances[.]" (emphasis added)).  Here, the magistrate judge recognized that he had the discretion to grant pre-judgment probation pursuant to § 3607(a) and declined to exercise that discretion in light of the circumstances of the case and the history and characteristics of the defendant-appellant.  (Doc. No. 30 at 21-22.)[3]  While one may disagree with the manner in which the magistrate judge exercised his discretion in this case, the exercise of that discretion was based on consideration of appropriate factors and was not erroneous as a matter of law or an abuse of discretion.

## CONCLUSION

      For the reasons set forth above, the appeal is denied and the judgment of conviction and sentence imposed is affirmed.

IT IS SO ORDERED.

Dated:   **July 15, 2022**                     /s/ Dale A. Drozd
                                                        UNITED STATES DISTRICT JUDGE

---

[3] Notably, the government argued against the granting of pre-judgment probation and instead asked that appellant Dominguez be sentenced following entry of her plea.  (Doc. 30 at 13.)